UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOHN GORMAN,

                Plaintiff,

            v.

RENSSELAER COUNTY, SHERIFF JACK
MAHAR, ANTHONY PATRICELLI,
UNDERSHERIFF PATRICK RUSSO,
COUNTY HUMAN RESOURCES MANAGER
TOM HENDRY, COUTY EXECUTIVE
KATHLEEN JIMINO, DR. WILLIAM MCINTYRE,
PUBLIC SAFETY PSYCHOLOGY, PLLC,

                Defendants.
_____

**ANSWER TO AMENDED COMPLAINT**
Civil Action No. 1:14-cv-434 (LEK/RFT)

Defendants, Rensselaer County, Sheriff Jack Mahar, Anthony Patricelli, Undersheriff Patrick Russo, County Human Resources Manager Tom Hendry and County Executive Kathleen Jimino, as and for their Answer to the Amended Complaint in the above-captioned matter, states as follows:

1.      LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Amended Complaint, and therefore DENY such allegations.

2.      DENY the allegations in paragraph 2 of the Amended Complaint.

3.      The allegations of paragraphs 3, 4, 5 and 6 of the Amended Complaint allege legal conclusions and do not allege any facts to which a response is required. To the extent that paragraphs 3, 4, 5 and 6 of the Amended Complaint allege any facts, Defendants

DENY such allegations.

4. ADMIT, upon information and belief, the allegations of paragraphs 7, 8, 9, 10, 11, 12, 13 and 14 of the Amended Complaint.

5. DENY the allegations contained in paragraphs 15, 16 and 17 of the Amended Complaint.

6. LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraphs 18, 19, 20, 21, 22, 23 and 24 of the Amended Complaint, and therefore DENY such allegations.

7. DENY the allegations contained in paragraphs 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38 and 39 of the Amended Complaint.

8. ADMIT the allegations of paragraphs 40 and 41 of the Amended Complaint.

9. LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Amended Complaint, and therefore DENY such allegations.

10. DENY the allegations contained in paragraph 43 and 44 of the Amended Complaint.

11. LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 45 and 46 of the Amended Complaint, and therefore DENY such allegations.

12. DENY the allegations contained in paragraph 47 of the Amended Complaint.

13. LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraphs 48 and 49 of the Amended Complaint,

and therefore DENY such allegations.

14. LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraphs 50 of the Amended Complaint, and therefore DENY such allegations.

15. DENY the allegations of paragraphs 51 of the Complaint.

16. LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the Amended Complaint, and therefore DENY such allegations.

17. DENY the allegations contained in paragraphs 53, 54, 55, 56, 57, 58, 59 and 60 of the Amended Complaint.

18. ADMIT the allegations of paragraph 61 of the Amended Complaint.

19. LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraphs 62 and 63 of the Amended Complaint, and therefore DENY such allegations.

20. DENY the allegations of paragraph 64, 65, 66, 67, 68, 69, 70 and 71 of the Amended Complaint.

21. LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraphs 72 of the Amended Complaint, and therefore DENY such allegations.

22. ADMIT the allegations of paragraph 73 of the Amended Complaint.

23. LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraphs 74 of the Amended Complaint, and there-

fore DENY such allegations.

24. ADMIT the allegations of paragraphs 75 and 76 of the Amended Complaint.

25. DENY the allegations of paragraphs 77 and 78 of the Amended Complaint.

26. ADMIT the allegations of paragraph 79 of the Amended Complaint.

27. LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraphs 80 and 81 of the Amended Complaint, and therefore DENY such allegations.

28. ADMIT the allegations of paragraphs 82, 83, 84 and 85 of the Amended Complaint.

29. LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraphs 86 and 87 of the Amended Complaint, and therefore DENY such allegations.

30. ADMIT, upon information and belief, the allegations of paragraph 88, 89, 90 and 91 of the Amended Complaint.

31. DENY the allegations of paragraphs 92 and 93 of the Amended Complaint.

32. ADMIT the allegations of paragraphs 94 of the Amended Complaint.

33. LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraphs 95 and 96 of the Amended Complaint, and therefore DENY such allegations.

34. ADMIT the allegations of paragraph 97 of the Amended Complaint that Plaintiff received a letter from Defendant Hendry, and affirmatively states that the letter from Mr. Hendry should be seen in its entirety and speaks for itself, and DENY each and every

other allegation of paragraph 34 of the Amended Complaint.

35. ADMIT the allegations of paragraphs 98 of the Amended Complaint.

36. LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraphs 99 of the Amended Complaint, and therefore DENY such allegations.

37. ADMIT the allegations of paragraphs 100 and 101 of the Amended Complaint.

38. LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraphs 102 and 103 of the Amended Complaint, and therefore DENY such allegations.

39. ADMIT the allegations of paragraphs 104 of the Amended Complaint.

40. DENY the allegations of paragraphs 105, 106, 107, 108 and 109 of the Amended Complaint.

41. ADMIT the allegations of paragraphs 110, 111, 112 of the Amended Complaint.

42. DENY the allegations of paragraph 113 of the Amended Complaint.

43. ADMIT the allegations of paragraphs 114 and 115 of the Amended Complaint.

44. DENY the allegations of paragraphs 116 and 117 of the Amended Complaint.

45. LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraphs 118, 119, 120, 121, 122, 123, 124 and 125 of the Amended Complaint, and therefore DENY such allegations.

46. ADMIT the allegations of paragraphs 126 and 127 of the Amended Complaint.

47. DENY the allegations of paragraphs 128 and 129 of the Amended Complaint.

48. ADMIT the allegations of paragraphs 130 of the Amended Complaint.

49. DENY the allegations of paragraphs 131, 132, 133, 134, 135, 136 and 137 of the Amended Complaint.

50. LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraphs 138 and 139 of the Amended Complaint, and therefore DENY such allegations.

51. ADMIT the allegation of paragraph 140 of the Amended Complaint that Rensselaer County received a citation from the New York State Department of Labor, but DENY each and every other allegation of paragraph 140 and refer the Court to the citation for a full and fair reading of its terms.

52. DENY the allegations of paragraphs 141, 142, 143 of the Amended Complaint.

53. LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraphs 144, 145, 146, 147 and 148 of the Amended Complaint, and therefore DENY such allegations.

54. ADMIT the allegations of paragraph 149 that plaintiff filed a 207-C application and provided it to Captain Smith, but DENY each and every other allegation of paragraph 149 of the Amended Complaint.

55. ADMIT the allegations of paragraphs 150 and 151 of the Amended Complaint.

56. DENY the allegations of paragraph 152 of the Amended Complaint.

57. ADMIT the allegation of paragraph 153 that plaintiff was provided with Dr. Thalmann's letter indicating that he should be excused from work and refers the court to the letter for a full and fair reading of its terms.

58. ADMIT the allegations of paragraph 154 of the Amended Complaint that a second

workplace violation complaint was filed with the New York State Department of Labor, but LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the remaining allegations of paragraph 154.

59. ADMIT the allegation of paragraph 155 of the Amended Complaint that a demand for arbitration was filed with New York's Public Employee Relations Board, but DENY there remaining allegations of paragraph 155.

60. LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 156, 157 and 158 of the Amended Complaint, and therefore DENY such allegations, and refers the court to any such letters or diagnosis for a full and fair reading of its terms.

61. ADMIT the allegations of paragraphs 159 and 160 of the Amended Complaint.

62. LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 161 of the Amended Complaint, and therefore DENY such allegations.

63. DENY the allegations of paragraph 162 of the Amended Complaint.

64. LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 163, 164 and 165 of the Amended Complaint, and therefore DENY such allegations.

65. DENY the allegations of paragraph 166 of the Amended Complaint.

66. LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 167 of the Amended Complaint, and therefore DENY such allegations.

67. DENY the allegations of paragraph 168, 169, 170, 171, 172 and 173 of the Amended Complaint.

68. ADMIT the allegations of paragraph 174 of the Amended Complaint.

69. DENY the allegations of paragraph 175, 176 and 177 of the Amended Complaint.

70. DENY each and every allegation of the Amended Complaint not specifically admitted to herein.

## AS TO THE FIRST CAUSE OF ACTION

71. Repeats and realleges the above responses to the allegations of paragraphs "1" through "177" of the Amended Complaint as if set forth in full.

72. Paragraphs 179 and 180 of the Amended Complaint characterize 42 U.S.C. §1983 and the Bill of Rights to the United States Constitution, and do not allege any facts to which a response is required. To the extent that paragraph 180 and 181 of the Amended Complaint allege any facts, Defendants DENY such allegations.

73. DENY the allegations of paragraphs 181, 182, 183, 184, 185 and 186 of the Amended Complaint.

## AS TO THE SECOND CAUSE OF ACTION

74. Repeats and realleges the above responses to the allegations of paragraphs "178" through "186" of the Amended Complaint as if set forth in full.

75. DENY the allegations of paragraphs 188, 189, 190, 191, 192, 193 and 194 of the Amended Complaint.

## AS TO THE THIRD CAUSE OF ACTION

76. Repeats and realleges the above responses to the allegations of paragraphs "187"

through "194" of the Amended Complaint as if set forth in full.

77. DENY the allegations of paragraphs 196, 197, 198, 199, 200, 201, and 202 of the Amended Complaint.

## AS TO THE FOURTH CAUSE OF ACTION

78. Repeats and realleges the above responses to the allegations of paragraphs "195" through "202" of the Amended Complaint as if set forth in full.

75. DENY the allegations of paragraphs 204, 205, 206, 207, 208, 209 and 210 of the Amended Complaint.

## AS TO THE FIFTH CAUSE OF ACTION

79. Repeats and realleges the above responses to the allegations of paragraphs "203" through "210" of the Amended Complaint as if set forth in full.

80. DENY the allegations of paragraphs 212, 213, 214, 215, 216 and 217 of the Amended Complaint.

## AS TO THE SIXTH CAUSE OF ACTION

81. Repeats and realleges the above responses to the allegations of paragraphs "210" through "217" of the Amended Complaint as if set forth in full.

82. DENY the allegations of paragraphs 219, 220, 221, 223 and 224 of the Amended Complaint.

## AS TO THE SEVENTH CAUSE OF ACTION

83. Repeats and realleges the above responses to the allegations of paragraphs "218" through "224" of the Amended Complaint as if set forth in full.

84. DENY the allegations of paragraphs 226, 227 and 228 of the Amended Com-

plaint.

## AS TO THE EIGHTH CAUSE OF ACTION

85. Repeats and realleges the above responses to the allegations of paragraphs "225" through "228" of the Amended Complaint as if set forth in full.

86. DENY the allegations of paragraphs 230, 231, 232, 233, 234, 235, 236, 237, 238, 239, 240, 241 and 242 of the Amended Complaint.

## AS TO THE NINTH CAUSE OF ACTION

87. Repeats and realleges the above responses to the allegations of paragraphs "229" through "242" of the Amended Complaint as if set forth in full.

88. DENY the allegations of paragraphs 244, 245, 246, 247 and 248 of the Amended Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

89. The Amended Complaint fails, in whole or in part, to state a cause of action upon which relief may be granted and should be dismissed.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

90. That in the event that the Plaintiff is awarded judgment against any of the answering defendants, these defendants are entitled to a set-off or a reduction of any such damage award for all amounts received by or on behalf of the Plaintiff from any collateral source pursuant to N.Y. CPLR §4545(c).

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

91. Plaintiff lacks standing to litigate claims based upon the collective bargaining agreement applicable to his employment.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

92. The Plaintiff has failed to join necessary parties.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

93. In the event the Plaintiff recovers a judgment against the Answering Defendants, then these Defendants demand that any such judgment be diminished in accordance with Article 16 of the CPLR.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

94. Upon information and belief, the Plaintiff has failed to mitigate damages.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

95. Upon information and belief, Plaintiff's claims are barred, in whole or in part, on the grounds of a superceding cause of Plaintiff's injuries for which Answering Defendants cannot be held responsible.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

96. The claim is barred, in whole or in part, on the grounds of failure to meet conditions precedent to suit.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

97. The Amended Complaint is barred in whole or in part by the applicable statutes of limitation.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

98. The Amended Complaint is barred, in whole or in part, on the grounds of absolute or qualified immunity.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

99. The Amended Complaint is barred, in whole or in part, on the grounds of collateral estoppel.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

100. If the Plaintiff was been injured or damaged as alleged in the Complaint, such injuries and damages were caused, in whole or in part, or were contributed to, by the carelessness, negligence, recklessness and want of care on the part of third parties over which answering Defendants had no control and for which the actions of such third parties are not attributable to the Answering Defendants.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

101. That the Plaintiff's injuries, upon information and belief, were caused or contributed to by Plaintiff's own carelessness, negligence or want of care.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

102. The Answering Defendants are entitled to setoff pursuant to General Obligations Law Section 15-108 in the event of any award made against the Answering Defendants.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

103. That the Plaintiff's claims are barred, in whole or in part, for failure to comply with New York's General Municipal Law pleading requirements and precedents to suit.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

104. That the Plaintiff's claims are barred, in whole or in part, by New York's Workers Compensation Law exclusivity provision.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

105. That the Plaintiff has failed to timely and properly exhaust all necessary adminis-

trative, statutory, arbitration remedies and/or jurisdictional prerequisites for the commencement of this action.

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

106. The Defendants acted within the scope their official duties an acted with objective good faith and may not be subject to any liability under the Amended Complaint.

Dated: July 22, 2015
       Utica, New York

Respectfully submitted,

MARTIN & RAYHILL, PC

By: *Kevin G. Martin*
    Kevin G. Martin, Esq.
    Bar Roll No. 505332
    *Attorneys for Rensselaer County Defendants*
    Office and Post Office Address
    421 Broad St.
    Utica, New York 13501
    (315) 507-3765
    kmartin@martinrayhill.com

TO:    Patrick Sorsby, Esq.
        Bar Roll No. 517840
        *Attorney for Plaintiff*
        21 Everett Rd., Ext.
        Albany, NY 12208