UNITED STATES DISTRICT COURT
NORTHERN DISTRICT COURT OF NEW YORK

---

JOHN GORMAN,

                Plaintiff,             DEFENDANTS' RESPONSE TO
                                                 PLAINTIFFS FIRST REQUESTS
                                                 FOR PRODUCTION

        -against-                       Civil Case No.: **1:14-cv-434**

RENSSELAER COUNTY, SHERIFF JACK MAHAR, ANTHONY PATRICELLI, UNDERSHERIFF PATRICK RUSSO, COUNTY HUMAN RESOURCES MANGER TOM HENDRY, COUNTY EXECUTIVE KATHLEEN JIMINO,

                Defendants

---

Defendants, by and through their attorneys, Martin & Rayhill, PC, as and for their response to the Plaintiff's First request for production state as follows:

## GENERAL OBJECTIONS

A.    Objects to the definitions and instructions contained in the Request to the extent that they are not required or authorized by the Federal Rules of Civil Procedure Civil Practice Law.

B.    Objects to the Demand for Discovery to the extent that it requests information that is not discoverable under the attorney-client or attorney work product privilege.

C.    Objects to the notice to produce to the extent that it requests information that is not reasonably specific in terms of time, or is not sufficiently related to the time period at issue in the Complaint in this action.

D.    Objects to those requests for "all" or "any" documents or other information that are vague, overbroad and not reasonably calculated to lead to admissible information.

E.    Objects to those requests that are repetitive, vexatious and not reasonably calculated to lead to admissible evidence.

F.    Object to those requests that call for legal conclusion, legal argument or characterization of facts, rather than eliciting facts or admissible evidence.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT COURT OF NEW YORK

---

JOHN GORMAN,

                Plaintiff,

-against-

RENSSELAER COUNTY, SHERIFF JACK MAHAR, ANTHONY PATRICELLI, UNDERSHERIFF PATRICK RUSSO, COUNTY HUMAN RESOURCES MANGER TOM HENDRY, COUNTY EXECUTIVE KATHLEEN JIMINO,

                Defendants

---

                PLAINTIFFS FIRST REQUESTS
                FOR PRODUCTION
                TO DEFENDANT

                Civil Case No.: **1:14-cv-434**

Defendants, by and through their attorneys, Martin & Rayhill, PC, as and for their response to the Plaintiff's First request for production state as follows:

## GENERAL OBJECTIONS

A.    Objects to the definitions and instructions contained in the Request to the extent that they are not required or authorized by the Federal Rules of Civil Procedure Civil Practice Law.

B.    Objects to the Demand for Discovery to the extent that it requests information that is not discoverable under the attorney-client or attorney work product privilege.

C.    Objects to the notice to produce to the extent that it requests information that is not reasonably specific in terms of time, or is not sufficiently related to the time period at issue in the Complaint in this action.

D.    Objects to those requests for "all" or "any" documents or other information that are vague, overbroad and not reasonably calculated to lead to admissible information.

E.    Objects to those requests that are repetitive, vexatious and not reasonably calculated to lead to admissible evidence.

F.    Object to those requests that call for legal conclusion, legal argument or characterization of facts, rather than eliciting facts or admissible evidence.

1. **DOCUMENT REQUEST NO. 1:**
   New York State Labor Department conducted a work place violence investigation into incidents of work place violence directed at the plaintiff. It is requested that the Defendants produce any documents in their possession relating to any investigation of work place violence against the Plaintiff conducted by the New York State Labor Department.

   Response to Document Request No. 1:

   See General Objection D. Without waiving objections, Defendants do not have any investigative documents of the New York State Labor Department. Documents that are "related" to the work place violence investigation and responsive to this request are attached as Exhibit 12, which is a complete file of Defendant Hendry, who was responsible for investigating Plaintiff's work place violence complaints and was involved in responding to the Labor Department's investigation.

2. **DOCUMENT REQUEST N0.2:**
   Produce any copies of any New York State Labor Department Investigation Report case #317041762.
   Response to Document Request No. 2:
   See documents attached hereto as Exhibit 12.

3. **DOCUMENT REQUEST NO. 3:**
   Produce any copies in the possession of the Defendants' of any State Police Report regarding the plaintiff and Defendant Patricelli.

   Response to Document Request No. 3:

   See General Objection D. Without waiving objections see documents attached hereto as Exhibit 3.

4. **DOCUMENT REQUEST 4:**
   Identify and produce any State Police Report with an Incident No. 4975974
   Response to Document Request No. 4
   See documents attached hereto as Exhibit 3.

5. **DOCUMENT REQUEST NO. 5:**
   Identify and produce Defendant Hendry's Workplace Violence Reports and or investigation notes regarding any work place violence complaint involving and including but not limited to notes and reports from February 25, 2013 and July 26, 2013.

   Response to Document Request No. 5:

   See documents attached hereto as Exhibit 12.

6. **DOCUMENT REQUEST NO. 6:**
   Identify and produce any Sheriffs department Workplace Violence Reports and or investigation

   notes regarding any work place violence complaint including but not limited to notes and reports from February 25, 2013 and July 26, 2013.

Response to Document Request No. 6:

See General Objection E. Without waiving objections see documents attached hereto as Exhibit 12.

7. **DOCUMENT REQUEST NO. 7:**

Identify and produce any documents relating to the February 15, 2013 threatening phone call made Defendant Patricelli to the plaintiff.

Response to Document Request No. 7:

See General Objection D. Without waiving objections, please see documents attached as Exhibit 4.

8. **DOCUMENT REQUEST NO. 8:**

Identify and produce any documents relating to the Sherriff Departments investigation of Defendant Patricelli for abuse of the E-justice Computer system this investigation was conducted by Sergeant Webster.

Response to Document Request No. 8:

See General Objection C, D and E. Without waiving objections, see documents attached as Exhibit 2.

9, **DOCUMENT REQUEST NO. 9:**

Identify and produce any documents relating to an investigation by DCJS into Defendant Patricelli's use of the E-Justice System.

Response to Document Request No. 9:

See General Objection C, D and E. Without waiving objections see documents attached as Exhibit 2.

10. **DOCUMENT REQUEST N0. 10:**

Identify and produce any documents relating to any oral warning issued by Jeff Ranken to the Plaintiff on or about November 22, 2012.

Response to Document Request No. 10:

See General Objection D. Without waiving objections see documents attached as Exhibit 7.

11. **DOCUMENT REQUEST NO. 11:**

Identify and produce any documents relating to an incident report and narrative issued by Sergeant Masselli on or about November 11, 2012.

Response to Document Request No. 11:

No documents responsive to this request.

12. **DOCUMENT REQUEST NO. 12:**

Identify and produce the Plaintiff's complete personal record dating back to his date of hire July 7, 2005.

Response to Document Request No. 12:

See documents attached hereto as Exhibit 5.

### 13. DOCUMENT REQUEST NO. 13:

Produce the complete Personal Record of Defendant Patricelli.

Response to Document Request No. 13:

Defendants object to the provision of any information that would be an unwarranted intrusion into the privacy of Defendant Patricelli. Without waiving objections, see documents attached hereto as Exhibit 6.

### 14. DOCUMENT REQUEST NO. 14:

Identify and produce the complete criminal record of Defendant Patricelli.

Response to Document Request No. 14:

See General Objection C. D and E. Without waiving objections Defendants do not have documents responsive to this request.

### 15. DOCUMENT REQUEST NO. 15:

Identify and produce any documents relating to People v Patricelli which was the criminal prosecution for Defendant Patricelli's threatening phone call made to the Plaintiff. This matter was prosecuted in Schagitoke Town Court.

Response to Document Request No. 15:

See documents attached hereto as Exhibit 8.

### 16. DOCUMENT REQUEST NO. 16:

Identify and produce all documents relating to any Troy City Criminal Court matter wherein Defendant Patricelli was charged for his threatening phone call to Plaintiff Gorman wherein he threatened to break the Plaintiffs Jaw. The Docket # for this case is 1318063.

Response to Document Request No. 16:

See General Objections C, D and E. Without waiving objections, Defendants are not in possession of any records responsive to this request other than documents in Patricelli's personnel file.

### 17, DOCUMENT REQUEST N0. 17 :

Identify and produce all medical records from Dr. William Mcintyre for John Gorman including initial hire report and 207-c notes/reports/investigation this includes but is not limited to the following interview dates October 29, 2013 and December 12, 2013.

Response to Document Request No. 17:

See General Objections D. Without waiving objections, see Exhibit 6 (Plaintiff's personnel file) Defendants do not have possession of Plaintiff's complete medical records from Dr. Mcintyre.

### 18. DOCUMENT REQUEST NO. 18 :

Identify and provide any documents relating to Civil Service Sergeant Examination #79-155 released on January 3, 2013. Status and current list date from February 2013.

Response to Document Request No. 18:

See documents attached hereto as Exhibit 9.

### 19. DOCUMENT REQUEST NO. 19 :

Identify and produce the Status and current list date from February 2013 Civil Service Sergeant Examination #79-155.

Response to Document Request No. 19:

See documents attached hereto as Exhibit 9.

20. **DOCUMENT REQUEST NO. 19 :**

Identify and provide any documents relating to Internal Affairs investigation conducted by Sheriff Jack Mahar into complaint filed by Master Sergeant Patricelli against Chief Ruth Vibert for allegedly sharing personal & confidential information with the Plaintiff about Defendant Patricelli.

Response to Document Request No. 19:

See documents attached as Exhibit 1. There was no formal or "Internal Affairs" investigation into the complaint.

21. **ELECTRONIC MEDIA REQUEST NO. 1 :**

Identify and produce any electronic stored media including but not limited to video and tape recordings of any incident involving the Plaintiff at the West Hall on January 22, 2013 at approximately 10:00 am.

See documents attached at Exhibit 10.

22. **ELECTRONIC MEDIA REQUEST NO. 1 :**

Identify and produce any electronic stored media including but not limited to video and tape recordings of any incident involving the Plaintiff being hit by a door at the jail on July 6, 2013 at or around 12:10 pm. Supply 2 hours before and 2 hours after the incident.

A copy of the incident is being sent by electronic mail as an attachment.

23. **ELECTRONIC MEDIA REQUEST NO. 2:**

Identify and produce any electronic stored media of a phone call from Defendant Patricelli to the jail transport sergeant's office at phone extension 1717 on October 8, 2013.

See disc attached as Exhibit 10.

Dated: October 4, 2015

*[signature]*

Kevin G. Martin, Esq.
Bar Roll No. 505332
Martin & Rayhill, PC
421 Broad St. #10
Utica, New York 13501

EXHIBIT "1"