**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

JOHN GORMAN,

                            Plaintiff,

         - v -                                 Civ. No. 1:14-CV-0434
                                                     (LEK/DJS)

RENSSELAER COUNTY; SHERIFF JACK MAHAR;
ANTHONY PATRICELLI; UNDERSHERIFF PATRICK
RUSSO; TOM HENDRY, *County Human Resources Manager*;
COUNTY EXECUTIVE KATHLEEN JIMINO,

                            Defendants.

---

**APPEARANCES:**                                **OF COUNSEL:**

LAW OFFICE OF PATRICK SORSBY, PLLC     PATRICK SORSBY, ESQ.
*Attorney for Plaintiff*
1568 Central Avenue
Albany, NY 12205

MARTIN & RAYHILL, PC                       KEVIN G. MARTIN, ESQ.
*Attorney for Defendants*
41 Broad Street
Utica, NY 13502

**DANIEL J. STEWART**
**United States Magistrate Judge**

## DECISION and ORDER

      Plaintiff moves to compel Defendants' responses to various discovery demands. Dkt.

No. 86. At issue are Plaintiff's first and second discovery requests. Dkt. Nos. 86-3 & 86-4.

In light of the failure to receive a timely response, Plaintiff's counsel also seeks an extension

of the discovery deadlines. Dkt. No. 92.

      The Motion to Compel, which was filed on March 3, 2016, indicated, in part, that

Defendants' responses to questions ## 21, 22, and 23 of Plaintiff's First Document Demand were incomplete; that no responses were made to the Second Set of Discovery Demands; and that no certificate of disposition of a criminal case of Defendant Anthony Patricelli was provided as requested. Dkt. No. 86-2.

On March 18, 2016 Defendants' counsel, Kevin Martin, Esq., submitted an Affirmation in Opposition to the Motion to Compel, which included Defendants' response to the Plaintiff's Second Request for Production. Dkt. No. 88. As part of that response, affirmed under penalties of perjury, Attorney Martin indicated that the information relative to the countywide email system was in the process of being gathered, but that the disk containing the information was unreadable. *Id.* Attorney Martin indicated that the new disk could not be generated and so he would provide hard copies to the Plaintiff's Counsel, although he noted that many of the emails in question had already been provided. *Id*.

On April 29, 2016, the Court held a telephone conference with parties to further discuss the outstanding discovery issues. During the conference, four distinct areas of dispute were identified by the Defendants' Counsel, which were ruled on by the Court. First, with regard to recorded telephone calls involving the Plaintiff, Attorney Martin indicated that there are no recorded calls that were responsive to Plaintiff's request that the Defendants could produce. That response stands and is acceptable to the Court. Second, on the issue of emails, a search was conducted of emails with the name of "Gorman" and those responsive

emails were to be provided to Plaintiff's Counsel, thus resolving that issue.[1]  Third, Attorney

Martin identified an issue with a videotape involving the Plaintiff and a slammed door, and

he acknowledged that Defendants had in fact lost that video.  However he indicated that he

was able to track down another copy of what he believes to be the relevant video from the

New York State Worker's Compensation Board, and he would provide that video to the

Plaintiff's counsel.  That response was deemed acceptable by the Court.  Finally, as to the

issue of Plaintiff's request for a certificate of disposition involving Defendant Patricelli, it

was affirmatively stated during the telephone conference that the Defendant did not have

such a disposition because it did not exist and would have to be generated by the local

criminal court.  That response stands.

After hearing the position of each Counsel during the telephone conference, the Court

directed that the outstanding discovery as identified by Mr. Martin, and in particular the

video of the door incident and the requested emails, be delivered to the Plaintiff during the

early part of the week of May 2, 2016.

Because discovery in this case is coming to a close, Plaintiff's counsel requested

additional time to conduct depositions as he needed to review the soon-to-be-delivered

discovery before those depositions could be conducted.  In light of that request, the Court

extended the discovery deadline to June 15, 2016, and set the dispositive motion filing

---

[1] On the issue of the emails, Defendants' Counsel originally indicated that there may be a review of the emails to see if any contained privileged information.  However, during the course of the conference, he relented and offered to give all of the emails to Plaintiff.  In the event any emails were withheld, it is incumbent upon the responding party to provide a privilege log.

deadline at July 29, 2016.

By his Motion, Plaintiff presented two other arguments. First, it is Plaintiff's contention that the Defendants' response to the Motion to Compel by way of an Attorney Affirmation was improper. It is unclear to the Court precisely what the Plaintiff's argument is in this regard. If his position is that the Martin Affirmation is improper because it was proffered pursuant to New York's Civil Practice Law and Rules 2106, and not sworn to, the Court believes that this argument is misplaced. While a few courts have questioned the use of an attorney affirmation in federal court, *see*, *e.g.*, *Martinez v. Carlee Corp.*, 2013 WL 2412578 (S.D.N.Y. June 4, 2013), the United States Code specifically provides that declarations can be made under penalty of perjury, *see* 28 U.S.C. §1746, as was clearly the case with Mr. Martin's submission, *see* Dkt. No. 88 (affirmation submitted specifically "under penalties of perjury").

Alternatively, Mr. Sorsby may be arguing that submitting the opposing Affirmation, which in effect, supplements the Defendants' previous responses to items ## 21, 22, and 23 of the First Document Demand, should have been done by a supplemental discovery response, rather than in opposition to the Motion. Although the information relative to these discovery demands was provided by way of the Affirmation, thus ending any potential further delay of discovery and allowing Plaintiff to go forward with the remaining depositions, the Court agrees that the Defendants should file a formal supplemental discovery response.

Specifically, Federal Rule of Civil Procedure 26(e) provides:

*-4-*

A party who has made a disclosure under Rule 26(a)--or who has responded to an interrogatory, request for production, or request for admission--must supplement or correct its disclosure or response:

> **(A)** in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or
>
> **(B)** as ordered by the court.

FED. R. CIV. P. 26(e).

Here it is unclear as to what may have become known to the parties during the discovery process, but a written submission would easily assist in resolving this dispute. Accordingly, if he has not already done so, the Court directs Defendants's Counsel to serve Plaintiff with a formal supplemental response within seven days of the filing date of this Decision and Order.

Finally, Plaintiff asks the Court to award attorney's fees in connection with having to file this Motion to Compel. Having considered the history of this case, the conduct of all the attorneys to date, the tenor of the communications between Counsel, and the explanations provided to the Court by Counsel for the Defendant in connection with this matter, the Court exercises its discretion and declines to award such costs and fees upon the grounds that the imposition of this award at this time would not be just.

In light of a recent filing, it is incumbent upon the Court to discuss one final issue. Subsequent to the telephone conference, but prior to the issuance of this Decision and Order, Counsel for the Plaintiff filed a submission, entitled "NOTICE OF DISOBEYANCE OF DISCOVERY ORDER", regarding his concern about the format and content of the disks that

were, as directed at the conference, provided to him.  Dkt. No. 95.  If the required information was provided in a form that was not accessible, or if the wrong video was supplied, this would a be a serious concern to the Court in light of the fast approaching discovery deadlines and Defendants' Counsel's assurance that this long-standing discovery issue would be resolved.  However, the Court is also not happy with the tone of the Plaintiff's Counsel's submission, nor the fact that prior to writing to the Court, Plaintiff's Counsel apparently never called Defendants' Counsel to inform him what problems there were with the submissions to see if something could be worked out without further Court intervention.

This District's Local Rules of Practice require attorneys to confer in good faith in an effort to resolve or narrow all discovery disputes before seeking judicial intervention. N.D.N.Y.L.R. 7.1(d).  "Confer" is generally understood to "mean to meet, in person or by telephone, and make a genuine effort to resolve the dispute by determining, without regard to technical interpretation of the language of a request, (a) what the requesting party is actually seeking, (b) what the discovering party is reasonably capable of producing that is responsive to the request, and (c) what specific genuine issues, if any, cannot be resolved without judicial intervention."  *Big Apple Pyrotechnics v. Sparktacular Inc*., 2006 WL 587331, at *1 (S.D.N.Y.  Mar. 8, 2006).  Failure to hold a good faith conference is grounds for the award of attorney's fees and other sanctions.  *Id*. (citing 28 U.S.C. § 1927 and *Apex Oil Co. v. Belcher Co.*, 855 F.2d 1009, 1019-20 (2d Cir.1988)).

I will emphasize again my expectations of all Counsel regarding their respective

obligation to actively work together to resolve discovery disputes. That obligation far exceeds simply sending a terse email or a sarcastic letter. For example, if electronic discovery is provided in a format that is inaccessible to the receiving party, the recipient must necessarily advise the opposing side of the difficulties that they are having, and the provider, in turn, must make attempts to assist in accessing the material, or provide the necessary program, or if that fails, make arrangements to deliver the documents in hard copy format. Of course, in addition, if a video or photograph supplied is not, for whatever reason, responsive to a demand, the sender should be immediately notified and that party should immediately take corrective action to provide the correct item. Civility and cooperation are not merely ethical norms of those who practice before this Court, but are, in fact, required under the Local and Federal Rules, and in particularl Rule 1 of the Federal Rules of Civil Procedure, which requires the parties to act in a manner to secure a just, speedy, and inexpensive determination of the action or proceeding.

In light of the issues identified by Plaintiff in his most recent submission, the Court will grant a further extension of the discovery deadline, but will not adjust any other date.

**WHEREFORE**, for the reasons stated herein, it is hereby

**ORDERED,** that the Plaintiff's Motion to Compel (Dkt. No. 86) is **granted in part and denied in part**. Specifically, the Motion is **granted** to the extent that the Defendants must provide a formal supplemental response to Plaintiff's First Set of Discovery Demands and produce the items set forth above, which if not already provided must be supplied within seven days of the filing date of this Decision and Order, but in all other respects is **denied**;

and it is further

**ORDERED**, that the Plaintiff's requests for costs and fees in connection with filing

the Motion is **denied**; and it is further

**ORDERED**, that Plaintiff's Letter-Motion seeking an extension of the discovery

deadline in this case (Dkt. No. 92) is **granted** and the discovery deadline shall be extended

to July 1, 2016; but, the July 29, 2016 motion filing deadline shall remain the same, this case

shall be trial ready on or before October 3, 2016, and the trial in this matter remains October

18, 2016; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order upon

the parties to this action.

Date:  May 18, 2016
       Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge