United States Equal Employment Opportunity Commission

RECEIVED
MAY 28 2015
E.E.O.C. BULO

John Gorman

v.                                              **EEOC COMPLAINT**

Rennselaer County, Rennselaer County Sherriff's Department,     #525-2015-00628
Jack Mahar individually, Anthony Patricelli, Patrick Russo,
Rennsealaer County Human Resources Manager Tom Hendry,
County Executive Kathleen Jimino,

---

Based on the assertions below I request that the EEOC take whatever action is necessary against the above named individual Defendants to vindicate my rights under Federal and New York State Law for discrimination based on a disability.

By submitting this statement I am intending to activate the EEOC's administrative process to investigate the charges made, to provide the employer notice of this charge, to provide an opportunity for conciliation before suit if possible and to take whatever action is necessary to vindicate my rights under Federal and New York State Law.

John Gorman asserts the following:

1. My name is John Gorman.

2. My current address is . All mail should be sent to this address and I would ask that all mail on my case also be sent to my New York Attorney identified hereinafter and that my case be venue before the EEOC in New York State where I have my permanent address, where the events occurred, where the Defendant Rensselaer County is located, and where on information and belief the individual defendants reside.

3. My attorney Patrick Sorsby's address is: Law Office of Patrick Sorsby PLLC, 21 Everett Rd Ext., Albany, New York 12205

4. The name of my former employer is Rensselaer County where I was specifically employed in the County Sherrif's department.

5. Rensselaer County employs in excess of 500 employees.

6. Rensselaer County is a municipal corporation duly organized under the laws of the State of New York with a principal place of business located at Rensselaer County Clerk's Office, 105 3rd St Troy, NY 12180

7. Rensselaer County Sheriff's department, has a principle place of business located at 4000 main street, Troy, New York in the County of Rensselaer.

8. Defendant Patrick A. Russo (herein after "Russo") was and remains the Under Sheriff of the County of Rensselaer, with his personal residence at 52 Defreest Avenue Troy, NY and with principal place of business being 4000 Main Street, Troy, NY. Claims in this action are asserted against Russo in his individual capacity.

9. Defendant Tom Hendry (herein after "Hendry") was and remains County of Rensselaer Human Resources Director, with his principal place of business being Ned Pattison Government Center 1600 Seventh Avenue, Troy, NY. Claims in this action are asserted against Hendry in his individual capacity.

10. Defendant Kathleen Jimino was and remains County Executive Legislator of Rensselaer, with her principal place of business being Ned Pattison Government Center 1600 Seventh Avenue, Troy, NY. Claims in this action are asserted against Kathleen Jimino (herein after "Jimino" in her individual capacity.

11. I began my employment at Rensselaer County Sherrif's office in July 2008 as, as a corrections officer.

12. From 2008 until October 2012 Plaintiff Gorman had an impeccable work record with numerous performance awards.

13. By October of 2012 Plaintiff Gorman had attained the position of provisional Sergeant and was on the civil service list to become a permanent Sergeant as of January 2014.

14. Starting in October of 2012 a supervisory employee of the employer Master Sergeant Paricelli began a 6 month period of harassment which culminated in my leaving work on medical leave

15. This harassment included calling the Plaintiff while he was at work with harassing comments, stalking the plaintiff, and threating to break the Plaintiffs Jaw.

16. Additionally the Plaintiff was further harassed by Sherriff Mahar when he requested that the Plaintiff offer false evince against another Employee.

17. All of the incidents of harassment alleged above culminated in the Plaintiffs development of anxiety, depression and acute stress disorder leading to PSTD.

18. As a result of these work related injuries I went out on medical leave on July 15, 2013.

19. Within weeks of going out on medical leave I applied for 207 c benefits which is the Sherriff's equivalent of disability.

20. In January of 2014 I was denied 207 c benefits.

21. Sometime before January 2014 I applied for but was denied workers compensation benefits.

22. On June 24, 2014 a Workers Compensation Administrative Law Judge ruled as matter of law that the injuries that I described above in Paragraph "17" were work related.

23. On this very same day, June 24th 2014 the County mailed an official letter of termination indicating that I would be terminated on July 15, 2014 for being out of work for more than 12 months for nonwork related injury.

24. I believe that I was discriminated against on the basis of a known disability. The Defendants/ respondents have never disputed that I have a disability. They have only disputed that whether or not my injury was work related.

25. Therefor as they were aware that I was out of work because of disability and they terminated because I was out of work for that disability I believe that the Defendants discriminated against me in violation the American with disabilities act, Title VII, and New York State Human Rights Law.

26. The Defendant(s) never provided an accommodation by terminating the harasser(s) that created culture of harassment nor taking any steps to change this culture such that I would feel safe to return to work.

27. The Defendant(s) never provided an accommodation offering me another position with the county where harasser(s) would not be posted.

Date: May 22, 2015

_John Gorman_

TO:
Equal Opportunity Commission
6 Fountain Plaza
Suite 350
Buffalo, NY 14202